IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:21-cv-02349_____

VICTORIA L. CHAVEZ,

    Plaintiff,

v.

D2 MANAGEMENT, LLC,

    Defendant.

## COMPLAINT

NOW comes VICTORIA L. CHAVEZ ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of D2 MANAGEMENT, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo. Rev. Stat. §§ 5-16-101 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over 18 years of age and a "person" as defined by 47 U.S.C. § 153(39), residing in Commerce City, CO, which is located within the District of Colorado.

5. Defendant is a third party debt collector[1] organized under the laws of the state of South Carolina and located at 2894 Argent Blvd, Coosawhatchie, SC 29936. Its registered agent can be reached at 7 Office Way, Ste. 200, Hilton Head Island, SC 29928. Defendant regularly collects debt from consumers in the state of Colorado.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect on a consumer obligation ("subject debt") Plaintiffs allegedly owed in connection with a past Jared's credit card.

8. Upon information and belief, the subject debt was incurred many years ago and was still under Plaintiff's maiden name "Thurber." As such, due to its age, the subject debt is past any applicable statute of limitations.

9. Upon information and belief, following Plaintiffs' default on the subject debt, the debt eventually ended up with Defendant for collection purposes.

10. Around July 2021, Defendant started calling Plaintiff on her cellular number (720) XXX-0354 to collect on the subject debt.

---

[1] https://d2management.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0354.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used (720) 325-1090 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone number ending in -1090 in its debt collection activity.

14. Upon speaking with Defendant, Plaintiff learned that it was calling to collect on the subject debt.

15. Plaintiff stated that she would not pay the debt because it is time-barred.

16. Defendant ignored Plaintiff's statement and deceptively and misleadingly suggested that the subject debt was not time-barred.

17. Furthermore, upon speaking with Plaintiff, Defendant failed to give the required disclosures as to its identify and purpose of its calls, including the mini-Miranda required under § 1692e(11).

18. Defendant similarly failed to, upon placing calls to Plaintiff attempting to collect upon the subject debt, meaningfully identify itself. On at least one occasion, Plaintiff explicitly requested that Defendant identify itself, which Defendant refused to do.

19. Further, Defendant, while pressing Plaintiff for payment, failed to advise Plaintiff that making a payment may potentially revive the debt.

20. In addition, Defendant has never sent Plaintiff anything in writing, including any writing including the disclosures required under 15 U.S.C. § 1692g(a).

21. Upon further information and belief, Defendant is not licensed to collect debt in the state of Colorado.

22. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress stemming from Defendant's treatment, deprivation of substantive information to which she was entitled, being lied to in violation of anti-trickery statutes, and numerous violations of her federally and state protected rights as a consumer.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeat and allege paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

29. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

30. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in

4

connection with the collection of a debt." Further, § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."

31. Defendant violated § 1692d when it used combative language with Plaintiff and harassingly stated the subject debt was not time-barred when in fact it was. Defendant's conduct was harassing and abusive in nature and intended to subject Plaintiff to high pressure collection tactics in order to accomplish Defendant's collection goals.

32. Defendant further violated §§ 1692d and d(6) when it abusively refused to meaningfully identify itself when placing calls to Plaintiff. Plaintiff explicitly requested that Defendant identify itself during a phone call she received, yet Defendant harassingly refused to do so.

    b.  **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose, in subsequent communications that the communication is from a debt collector . . ." 15 U.S.C. § 1692e(11).

35. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by deceptively informing Plaintiff that the subject debt was not time-barred. Defendant engaged in this deceptive and

misleading conduct in an effort to compel Plaintiff to make payment despite her refusal to do so given the age of the debt.

36. Defendant similarly violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it deceptively attempted to extract payment from Plaintiff without mentioning that partial payment could potentially restart the statute of limitations on the subject debt.

37. Defendant likewise violated these subsections by attempting to collect from a Colorado consumer without being licensed to collect in the state.

38. Even further, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(10), and e(11) when it failed to disclose to Plaintiff in any subsequent communication (or initial communications) that it was acting as a debt collector or that it was attempting to collect a debt and any information would be used for such purposes.

    **c. Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated § 1692f when it unconscionably and unfairly attempted to collect on the subject debt without making required disclosures to Plaintiff or provide any written validation of the debt.

41. Defendant further violated § 1692f when it failed to disclose to Plaintiffs whether it had the right to collect the debt or even who the current creditor of the debt is.

42. Defendant additionally violated § 1692f when it acted combatively towards Plaintiff in order for her to acknowledge the debt and make payments ultimately.

43. Defendant further violated § 1692f when it unfairly attempted to create confusion regarding the time-barred nature of the subject debt.

### d. Violations of the FDCPA § 1692g

44. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

45. Defendant violated § 1692g(a) by failing to provide the written information required within five days after its initial communication with Plaintiff. Such initial communication occurred months ago by the time of this filing. Yet no written information was provided to Plaintiff by Defendant in connection with the subject debt.

46. Defendant further violated § 1692g(b) when it communicated with Plaintiff in a manner that was inconsistent with Plaintiff's rights under § 1692g. Defendant called repeatedly for Plaintiff to pay the subject debt but always avoided providing her with a validation notice. Under § 1692g, Plaintiff could have waited to examine the validation correspondence and disputed the subject debt. Defendant would then have been precluded from taking further action to collect the debt until it provided Plaintiff the information required to be provided in connection with a dispute. Defendant's conduct/omission to the contrary was inconsistent with and overshadowed Plaintiff's rights under § 1692g, and is violative of the FDCPA.

47. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff VICTORIA L. CHAVEZ respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiffs restate and reallege paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiffs is a "consumer" as defined in Colo. Rev. Stat. §§ 5-16-103(5).

50. Defendant is a "collection agency" and "debt collector" as defined in Colo. Rev. Stat. §§ 5-16-103(3)(a) & 5-16-103(9).

51. The subject debt is a "debt" as defined in Colo. Rev. Stat. §§ 5-16-103(8)(a) as it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction."

   a. **Violations of CFDCPA § 5-16-105**

52. "Like the federal statute, the Colorado statute shares the remedial purpose of protecting consumers against debt collection practices that take advantage of gullible, unwary, trustful, or cowed persons who receive a debt collection communication." *Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d 769, 773 (Colo. 2008).

53. The CFDCPA, pursuant to § 5-16-105(3)(c), requires that "[i]n its initial written communication to a consumer, a collection agency shall include the following statement: [language directing consumers to a web resources explaining the CFDCPA]." Further, pursuant to § 5-16-105(3)(d), the CFDCPA requires that "[i]n its initial written communication to a consumer, a collection agency shall include the following state: 'A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt."

54. Defendant violated §§ 5-16-105(3)(c)-(d) of the CFDCPA through its failure to provide altogether any written communication to Plaintiff in connection with the subject debt. By the same token, Defendant has failed to provided any Colorado law-required disclosures to Plaintiff.

    b. **Violations of CFDCPA § 5-16-107**

55. The CFDCPA, pursuant to Colo. Rev. Stat. § 5-16-107(b), prohibits the false representation of the "[t]he character, amount, or legal status of any debt."

56. As discussed in the facts and in the Count I, Defendant violated § 5-16-107(b) by representing to Plaintiff that the debt is not time-barred and by failing to disclose to Plaintiff the potential consequences for Plaintiff to now make a payment or to acknowledge the debt.

    c. **Violations of CFDCPA § 5-16-108**

57. The CFDCPA, pursuant to § 5-16-108(1) prohibits unfair or unconscionable debt collection practices.

58. Defendant violated this section concurrently when it unfairly failed to disclose crucial information such as the current creditor and enforceability of the debt.

    d. **Violations of CFDCPA § 5-16-109**

59. The CFDCPA, pursuant to § 5-16-109(1), requires a debt collector to make available substantially similar information as under FDCPA 1692g(a) in its initial communication or within five days by way of a written notice.

60. Defendant violated § 5-16-109(1), just as it violated 1692g(a), when it failed provide any written validation for the subject debt and therefore deprived Plaintiff of the right to dispute the debt and be free of collection communication until she receives verification of the debt should she choose to dispute it.

    e.  **Violations of CFDCPA § 5-16-115**

61. The CFDCPA, pursuant to § 5-16-115(1), makes it unlawful for any person to conduct the business of a collection agency without first having obtained a license to do so.

62. Defendant acts in and conducts the business of a collection agency and collects from Colorado consumers.

63. Upon information and belief, Defendant is not licensed yet in Colorado under the CPDCPA to collect from Colorado residents.

64. As pled above, Plaintiff has been harmed and suffered damages resulting from Defendant's conduct.

WHEREFORE, Plaintiff VICTORIA L. CHAVEZ respectfully request that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Entitling Plaintiff to statutory awards of $1,000 pursuant to Colo. Rev. Stat. § 5-16-113(b)(I) which awards are computed separately from any awards under 15 U.S.C. § 1692k(a)(2)(A),;

    c.  Awarding Plaintiff actual damages, pursuant to Colo. Rev. Stat. § 5-16-113(a);

  d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Colo. Rev. Stat. § 5-16-113(c);

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 31, 2021       Respectfully Submitted,

               /s/ Nathan C. Volheim
               Nathan C. Volheim, Esq. #6302103
               *Counsel for Plaintiff*
               Sulaiman Law Group, Ltd.
               2500 South Highland Avenue, Suite 200
               Lombard, IL 60148
               (630) 568-3056 (phone)
               (630) 575-8188 (fax)
               nvolheim@sulaimanlaw.com